# Hartman *et al. versus* Mount Joy School District.

1. The bounty laws do not create a municipal liability, or validate loans or advances to procure volunteers, on any authority or understanding of private parties.

2. Money was appropriated by school directors for bounties and additional funds raised by private subscriptions. The whole was paid to a committee appointed by citizens. The subscriptions not being sufficient, the district was not liable for the expenses of the committee.

May 4th. 1871. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Adams county* : No. 59, to May Term 1871.

This was an appeal by Moses Hartman and others, school directors of Mount Joy School District, from the report of ,the township auditors upon the settlement of their accounts.

The appeal was filed April 10th 1867, and by agreement of the parties an issue was directed by the court, in which the district was plaintiff and the directors defendants.

There were a number of questions distinctly specified in · the issue : 2. Whether the directors were entitled to credit for certain bounties, &c., paid by the directors ?

3 and 4. ·Whether a payment of $195.68 made to John Rebert, and one of $47.54 to Aaron Sheely, were to be credited to the directors.

6. Whether $10 counterfeit money in the hands of the treasurer should be credited to the commissioners.

The directors had authorized the payment of $300 bounty to volunteers under the Acts of 1864 and 1865; volunteers could not be obtained for less than $590; the difference was raised by subscription of the citizens of the township; Rebert and Sheely were appointed a committee by the citizens to attend to procuring recruits, paying out the money, &c.; both the money paid by the directors and that raised by subscription passed into Rebert's hands, and he incurred the greatest part of expense and labor; he had no authority from the school board as such; he did not keep the two funds separate; the bills of expenses were made up of travelling expenses, lodging, boarding, discount on money, &c. These expenses, together with the other matters specified in the agreement for the issue, the auditors refused to allow. The amount paid by the directors and the subscriptions were not enough to pay the bounties and expenses.

The following are points of the defendants (the directors), with their answers :—

4. The legislative grant of power to pay bounties to volunteers and raise money by taxation for that purpose, includes, by implication, power to defray the expenses necessarily incident to the purposes of the grant; and, therefore, if the jury believe that the bill of expenses proved by John Rebert was incurred in filling the quota of Mount Joy township, and was reasonable and proper in amount, and was allowed him out of the township money in his hands, the defendants are entitled to credit in this settlement for the amount.

Answer : " We cannot answer this point in the affirmative. We negative it. The expenses mentioned in it cannot be paid out of township funds, if the township had already paid $300 for each man put in."

5. If the bounty committee of Mount Joy township were obliged

[Hartman v. Mount Joy School District.]

to pay an average of $590 per man to fill this quota, and if the money raised by subscription was not sufficient to pay the difference between $300 per man, which the law allowed the township authorities to pay, and the amount actually paid to each as proved by John Rebert, the school directors had the legal right to pay the expenses necessarily incurred in filling the quota out of the township funds, in addition to the $300 bounty.

Answer: "We cannot answer this point in the affirmative. The expenses mentioned in it cannot be paid out of the township funds, admitting the fact to be as stated in it, that each man put in cost $590, exclusive of expenses, and that $300 was paid out of the township funds for each man put in, exclusive of expenses."

6. If Aaron Sheely agreed to contribute to the bounty subscription of Mount Joy township the amount of his expenses as a member of the committee, and if he expended as such $42.54 in filling the quota of said township, and if the bounty subscription of said township was not sufficient to pay the excess of bounty paid by the committee over the amount allowed by law, and if Mr. Sheely did not pay the amount into the subscription fund, but held his said bill of expenses in lieu of such payment, and this deficiency in the subscription was supplied by township money; the result is the same as if he had paid the $42.54 into the fund and received it again out of the township money; and defendants having thus virtually paid this item, are entitled to credit for it in settlement.

Answer: "If the township of Mount Joy paid $300 towards putting in each man, no portion of the township funds could be taken for the purpose mentioned in this point."

The jury found for the plaintiff, the School District, as follows :—

| | |
|---|---:|
| Expenses for John Rebert, . . . . | $195.68 |
| "         "    Aaron Sheely, . . . . | 42.54 |
| Counterfeit money in hands of Treasurer, . . | 10.00 |
| | $248.22 |

The defendants, the directors, appealed and assigned the answers to their points for error.

*R. G. McCreary,* for plaintiffs in error, cited Acts of March 25th and August 25th 1864, Pamph. L. 85, 986.

A construction must never be adopted that would defeat the purpose of the statute: Emily *v.* Caroline, 9 Wheat. 381; 1 Kent's Com. § 462; People *v.* Utica Ins. Co., 15 Johnson 380; Dwarris on Statutes 696, 698, 718. Remedial statutes are to receive an equitable interpretation, so as more effectually to meet the beneficial end in view and prevent a failure of the remedy: Dwarris on Statutes, 726, 690, 691; 1 Kent Com. § 465; Allen *v.* Parrish, 3 Ham. 195.

[Hartman *v.* Mount Joy School District.]

Where a general power is given or duty enjoined, there is given by implication every particular power necessary for the exercise of the one, or the performance of the other : Field *v.* The People, 2 Scammon Ill. Rep. 79 ; Hamilton *v.* Council of Pittsburg, 10 Casey 496 ; Gordon *v.* Preston, 1 Watts 385 ; Richard *v.* Dagget, 4 Mass. 534 ; Somerset *v.* Dighton, 12 Id. 383 ; Jackson *v.* Col lins, 3 Cowen 89 ; Wilkinson *v.* Leland, 2 Pet. 662 ; Minor *v.* Mechanics' Bank, 1 Pet. 64.

*McLean & Woods*, for defendants in error, cited the same Acts of Assembly ; Weister *v.* Hade, 2 P. F. Smith 476 ; Shirk *v.* Bucher, 3 Id. 95 ; Keasy *v.* Bricker *et al.*, 10 Id. 9.

The opinion of the court was delivered, May 15th 1871, by

AGNEW, J.—In the numerous cases arising under the bounty laws, it has been invariably held that it was not the intent of the legislature to create a municipal liability, or to validate loans or advances of money to procure volunteers upon any authority or understanding of private parties. The agreement or authority must proceed from the corporate or public officers : Tyson *v.* Halifax Township, 1 P. F. Smith 9 ; West Donegal Township *v.* Oldweiler, 5 Id. 257 ; Keasy *v.* Bricker, 10 Id. 9. That principle rules this case. The money claimed as expenses was paid out of the subscription-money raised by the citizens. Rebert, the person who attended to the business and paid out the money, was appointed by a committee of the citizens who raised the money. His authority came from the township meeting, and not from the school board, as such ; and the bill was made up of travelling expenses, lodging, boarding and discount on money. The expenditure was therefore not made upon the authority or agreement of the corporate authorities, but was incurred in ease of the citizens themselves by their voluntary act. The authorities cited to justify a liberal construction of the bounty laws, so as to cover expenses, might perhaps apply to the expenses incurred by the school directors themselves in the actual execution of their duties in reference to the payment of bounties, but not to payments or expenses voluntarily incurred by the citizens themselves, or their agents. The expense must savor of official character—something pertaining to the performance of an official function, if allowable at all.

Judgment affirmed.